No. 25-384

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Food and Water Watch et al.
*Plaintiff-Appellee*,

v.

United States Environmental Protection Agency et al.,
*Defendants/Appellants*.

Appeal from the United States District Court for the Northern District of California
No. 3:17-cv-02162 (Hon. Edward M. Chen)

**APPELLANTS' MOTION FOR A 14-DAY EXTENSION OF TIME TO
FILE THEIR OPENING BRIEF**

Federal Appellants respectfully move the Court pursuant to Ninth Circuit

Rule 31-2.2(b) for a 14-day extension of time to file their opening brief. Absent an

extension, Appellants' opening brief is due June 11, 2025. If the extension is

granted, the opening brief would be due June 25, 2025. This is Federal Appellants'

third request for an extension; Appellants previously sought and received a

streamlined request for extension of time and an additional 30-day extension of

time. This motion is based on the attached declaration of Michelle Melton, which

shows good cause for the extension. In compliance with Circuit Rules 27-1(2) and

31-2.2(b)(6), undersigned counsel has conferred with counsel for Plaintiffs-Appellees, who take no position on this motion.

The Court may grant a motion for an extension of time upon a showing of good cause. Fed. R. App. P. 26(b). "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahancian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). This Court has explained that "requests for extensions of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Id.* at 1259, 1263 (9th Cir. 2010) (citing 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004)). Among factors that a court may consider in assessing good cause are whether briefing deadlines include time over holidays and whether counsel has previously scheduled or unavoidable commitments, as well as any indication that counsel might be acting in bad faith or that an extension will prejudice the opposing party. *See Ahancian*, 624 F.3d at 1259–60 (listing considerations). Good cause exists for this motion because the Solicitor General has not yet authorized appeal in this case, as discussed further in the attached declaration. Additional time is warranted to allow the Solicitor General to make that decision, as well as to allow the government to prepare and finalize an opening brief if an appeal is authorized.

WHEREFORE, Federal Appellants respectfully request that the due date for their opening brief be extended to June 25, 2025.

Respectfully submitted,

s/ Michelle Melton
ADAM R.F. GUSTAFSON
*Acting Assistant Attorney General*
MICHELLE MELTON
*Attorney*
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
June 4, 2025                            Washington, D.C. 20044
DJ 90-8-6-08550                         (202) 353-9231
                                        Michelle.melton@usdoj.gov

**DECLARATION OF MICHELLE MELTON IN SUPPORT OF MOTION FOR 30-DAY EXTENSION OF TIME**

I, Michelle Melton, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an attorney in the Appellate Section of the Environment and Natural Resources Division ("ENRD") of the United States Department of Justice. I am the principal attorney assigned to represent the Federal Appellants in this appeal. I am responsible for preparing and filing the United States' filings in this case. I have been working diligently on this case and will continue to do so to the best of my ability.

2. The opening brief was originally due on April 11, 2025. The Court approved Federal Appellants' streamlined request for a 30-day extension. Appellants then sought one additional 30-day extension, which the Court granted on May 7, 2025. The opening brief is currently due on June 11, 2025.

3. The Solicitor General has not yet made a decision regarding whether to pursue this appeal. A 14-day extension is warranted to give him sufficient time to provide thoughtful consideration regarding whether and what issues to appeal, which is desirable as a matter of public policy, *cf. United States v. Mendoza*, 464 U.S. 154, 161 (1984) (discussing the federal government's unique considerations taken into account by the Solicitor General in deciding whether to appeal adverse

decisions), and to provide sufficient time for me to complete a brief in this complex case.

a. The Solicitor General is a high-level official within the Department of Justice appointed by the President. *See* 28 U.S.C. § 505. In addition to conducting all litigation before the Supreme Court in which the federal government has an interest, the Solicitor General is also responsible for determining whether, and to what extent, the United States will pursue an appeal in every case in which the federal government receives an adverse judgment. *See* 28 C.F.R. § 0.20(a), (b).

The internal administrative process leading up to the Solicitor General's decision for appeal requires preparation of separate written recommendations by the relevant agencies (here, the U.S. Environmental Protection Agency) as well as the relevant ENRD sections (here, the Environmental Defense Section and the Appellate Section). These recommendations are then submitted to ENRD's Acting Assistant Attorney General for his consideration. The entire matter is then submitted to the Office of the Solicitor General, where it is typically reviewed as an initial matter by an Assistant to the Solicitor General, who prepares another written recommendation. After review and further written comments by a Deputy Solicitor General, the matter is placed before the Solicitor General who makes the final decision regarding participation in the appeal.

As of the date of this motion, the Solicitor General has not made a final decision regarding participation in the appeal.

b.      Should the Solicitor General determine that appeal in this case is warranted, I would also need additional time to complete a draft opening brief.  An opening brief would need to be comprehensively reviewed by a variety of officials within the federal government, which includes review by multiple supervisors, attorneys in other sections of ENRD and in the Office of the Assistant Attorney General, as well by the U.S. Environmental Protection Agency.  An orderly review process generally requires completion of the draft brief approximately 14 days before it is due to be filed with the Court.

c.      Additional time for the process for deciding whether to appeal and for the preparation and finalization of an opening brief is also warranted due to the complex and novel issues presented by this case.  The case involves multiple matters of first impression, as well as lengthy trial records concerning complex scientific materials.  Additional time for consideration is warranted in these circumstances.

4. I have conferred with Michael Connett, counsel for the Plaintiffs-Appellees.  Mr. Connett stated that his clients take no position on Federal Appellants' requested 14-day extension.

5. I have exercised diligence in this matter and plan to file the opening brief by the requested due date if the Solicitor General authorizes appeal.

6. No court reporters are in default on any designated transcripts.

I certify, under penalty of perjury, that the foregoing is true and correct. Executed this 4th day of June, 2025.

Respectfully submitted,

s/ Michelle Melton

Michelle Melton
Attorney, Appellate Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 7415
Washington, DC 20044
(202) 353-9251
michelle.melton@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.


s/ *Michelle Melton*
Michelle Melton

Counsel for Appellants