No. 25-384

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FOOD AND WATER WATCH, et al.
*Plaintiffs-Appellees*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,
*Defendants-Appellants*.

Appeal from the United States District Court for the Northern District of California
No. 3:17-cv-02162 (Hon. Edward M. Chen)

**FEDERAL APPELLANTS' MOTION FOR
JUDICIAL NOTICE**

Pursuant to Fed. R. App. P. 27, 9th Cir. L. R. 27-1(7), and Fed. R. Evid. 201(c)(2), Federal Appellants Environmental Protection Agency, et al. (hereinafter, EPA), respectfully request that this Court take judicial notice of facts disclosed in three publicly available documents posted by the public water utility that provides drinking water to the sole relevant standing declarant in this case, Jessica Trader, who resides in Leawood, Kansas. EPA's Opening Brief (at pp.38-39) cites the internet links for these materials, and we attach PDFs of the relevant materials to

1

this motion for the convenience of the Court. Plaintiffs-Appellees object to this motion.

The three documents are:

1) WaterOne's webpage setting forth its service area, which includes Leawood, Kansas, where Ms. Trader resides. WaterOne Service Area, https://www.waterone.org/344/WaterOne-Service-Area (last visited July 18, 2025). A screenshot is attached to this motion as Exhibit One.

2) WaterOne's webpage about Fluoride. It states that: "Fluoride is a naturally occurring element in the Kansas and Missouri Rivers at 0.24 ppm - 0.4 ppm. WaterOne maintains the minimum recommended target for oral health benefits (0.7 ppm), which means that about 35-60% of the fluoride in our water is naturally occurring." Fluoride, https://www.waterone.org/203/Fluoride (last visited July 18, 2025). A screenshot is attached to this motion as Exhibit Two.

3) WaterOne's most recent Water Quality Report, based on data from 2024, confirming that "Fluoride occurs naturally in our water," and that WaterOne monitors for fluoride. Water Quality Report 2025 at pp.5-6, 8-9, 2025, https://www.waterone.org/339/Water-Quality-Reports (last visited July 18, 2025). The downloaded PDF of the Report is attached to this motion as Exhibit Three.

2

## ARGUMENT

A federal court "must take judicial notice" of an adjudicative fact "if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2); *see also* Fed. R. Evid. 1101(a) (applying Federal Rules of Evidence to proceedings in the courts of appeals). To be so noticed, the fact must "not [be] subject to reasonable dispute," either because it "is generally known within the trial court's territorial jurisdiction," or because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "The court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d).

The attached public documents establish the judicially noticeable facts that: (1) WaterOne is the public utility providing water to Leawood, Kansas, and (2) fluoride is a naturally occurring element in WaterOne's water and water sources, the Kansas and Missouri Rivers, at 0.24-0.4 ppm. These facts are not subject to reasonable dispute and can be readily determined from the public statements of the public utility at issue. *See* About WaterOne, https://www.waterone.org/31/About-WaterOne (last visited July 18, 2025) ("WaterOne is an independent public water utility."); *see also* Fluoride, https://www.waterone.org/203/Fluoride (last visited July 18, 2025) (explaining that WaterOne is a "public agency" and fluoridates its water pursuant to a mandate

3

resulting from a public referendum). This Court has taken judicial notice of internet publications by public entities and public agencies like WaterOne. *See, e.g.*, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities (the school districts)" on their "respective web sites"). Both the location of Leawood within WaterOne's service area and that fluoride naturally occurs in WaterOne's water sources (the Kansas and Missouri Rivers) are also the types of geographical facts of which courts may take judicial notice. *See Law v. Smith*, 288 F. 7, 9 (9th Cir. 1923) ("The court will take judicial notice of the fact that Lake Tahoe is in the Sierra Nevada Mountains; that it is about 21 miles long, and from 8 to 12 miles wide, and lies at an altitude of about 6,225 feet above sea level.").[1] And WaterOne monitors for fluoride and reports about it pursuant to law. *See* Fluoride, https://www.waterone.org/203/Fluoride (last visited July 18, 2025) ("As in all things we do for water quality, fluoride levels are strictly regulated and closely monitored.").

As explained in EPA's Opening Brief at pp.38-42, these judicially noticeable facts are relevant on appeal because they establish Plaintiffs' sole

---

[1] WaterOne's reported values for the Kansas River are also consistent with the available data from the U.S. Geological Service when it monitored for fluoride in the Kansas River in 2005. See https://nrtwq.usgs.gov/explore/datatable?site_no=06889000&pcode=00950&period=2005_all&timestep=uv (last visited on July 18, 2025).

4

relevant standing declarant lacks standing. EPA previously argued before the district court that Plaintiffs lacked standing. While EPA now identifies additional facts establishing a lack of standing, "standing is not subject to waiver." *WildEarth Guardians v. EPA*, 759 F.3d 1064, 1070 (9th Cir. 2014) (quoting *United States v. Hays*, 515 U.S. 737, 742 (1995)). The Court has "an independent duty to assure that standing exists, irrespective of whether the parties challenge it." *Washington Envtl. Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013). Particularly given the Court's independent obligation to consider standing, the Court should take judicial notice of these facts that speak to that question.

  For these reasons, EPA respectfully requests that this Court take judicial notice of these publicly available documents posted by the public water utility.

Respectfully submitted,

/s/Robert P. Stockman
ROBERT P. STOCKMAN
*Attorney for Federal Appellants*
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7415 Ben Franklin Station
Washington, DC 20044
202-353-3527
robert.stockman@usdoj.gov

July 18, 2025
DJ # 90-5-1-4-21106

5

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

This motion contains <u>861 words</u>, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f), and accordingly complies with the length limit in Federal Rule of Appellate Procedure 27(d)(2)(A).

This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6), per Federal Rule of Appellate Procedure 27(d)(1)(E).

This motion has been prepared in a proportionally spaced typeface using <u>Microsoft Word</u> in <u>14-point Times New Roman</u>.

<u>/s/Robert P. Stockman</u>
ROBERT P. STOCKMAN