No. 25-384

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

Food and Water Watch et al.,

*Plaintiffs-Appellees,*

v.

United States Environmental Protection Agency et al.,

*Defendants-Appellants.*

---

On Appeal from the United States District Court
for the Northern District of California
No. 3:17-cv-02162 (Hon. Edward M. Chen)
Hon. Edward M. Chen

## PLAINTIFFS-APPELLEES' OPPOSITION TO THE AMERICAN DENTAL ASSOCIATION'S MOTION FOR LEAVE TO FILE AN AMICUS BRIEF

Michael Connett
Siri & Glimstad, LLP
700 S Flower Street
Suite 1000
Los Angeles, CA 90017
Direct: 888-747-4529
Email: mconnett@sirillp.com

Chris Nidel
Nidel & Nace, PLLC
1 Church Street
Suite 802
Rockville, MD 20850
Direct: 202-780-5153
Email: chris@nidellaw.com

Pursuant to Rules 27 and 29 of the Federal Rules of Appellate Procedure, the Plaintiffs/Appellees ("**Appellees**") oppose the American Dental Association ("**ADA**") Motion for Leave to File Proposed *Amicus* Brief because the two legal grounds that the ADA asserts for reversing the district court's judgment have been *waived* by the Environmental Protection Agency, et al. ("**EPA**"). In support of this position, the Appellees state as follows:

### A. Amicus Briefs Are Generally Disallowed if They Present New Legal Issues Not Raised by the Parties

An amicus brief may not introduce an issue into a case or seek relief that is not raised or requested by the parties. *See, e.g.*, *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 97 n.4 (1991) ("[W]e do not ordinarily address issues raised only by *amici*." (citation omitted)); *United States v. Wahchumwah*, 710 F.3d 862, 868 n.2 (9th Cir. 2013) ("Generally, arguments not raised in a party's opening brief are deemed waived, and the court will not consider arguments raised only in amicus briefs." (citations omitted)); *Swan v. Peterson*, 6 F.3d 1373, 1383 (9th Cir. 1993) ("Generally, we do not consider on appeal an issue raised only by an amicus.").

### B. ADA's Amicus Brief Is Focused Exclusively on Legal Issues That EPA Waived in Its Appeal

ADA's amicus brief asks this Court to "reverse the decision below." Proposed *Amicus* Brief at 13. The ADA bases this request on two purported legal errors: (1) the district court's "failure to consider" the benefits of fluoridation "resulted in a deficient unreasonable risk determination," and (2) "the statutory

1

standards requiring a showing by a preponderance of the evidence that fluoridation of community drinking water presents an unreasonable risk at the 'condition of use,' 0.7 mg/L, have not been met." *Id.* at 5 & 12.

Neither of these two asserted legal grounds for reversing the district court's decision were raised by EPA in its appeal. EPA thus *waived* both of these issues. *See Wahchumwah*, 710 F.3d at 868 n.2 ("Generally, arguments not raised in a party's opening brief are deemed waived . . . ."). EPA's waiver of ADA's second argument was *expressly* stated in EPA's appeal brief. *See* EPA App. Br. at 3 ("[R]ather than ask this Court to review the district court's factual findings on the technical, complex scientific issues litigated below, this appeal instead presents more straightforward legal grounds for reversal."). The ADA thus improperly asks this Court to undo EPA's waiver of these issues.

The ADA's request to second guess the substantive merits of the district court's factual findings is especially problematic since the EPA, having expressly waived the issue, did not produce the *voluminous* evidentiary record related to it. This voluminous record includes over 2,200 pages of live expert testimony (including extensive cross examination), 317 pages of expert trial declarations that were introduced in lieu of live direct testimony at the first trial, and dozens of scientific reports and studies that were introduced as trial exhibits. Declaration of Michael Connett ("Connett Decl.") ¶¶ 2-4. The ADA would have this Court undo

the district court's carefully considered assessment of this voluminous *evidentiary* record based on several cherry-picked *hearsay* articles in a brief.

The Court should decline ADA's extraordinary and untenable request and deny the motion for leave in its entirety. *See Wahchumwah*, 710 F.3d at 868 n.2 ("Generally, . . . the court will not consider arguments raised only in amicus briefs." (citation omitted)); *Swan*, 6 F.3d at 1383 ("Generally, we do not consider on appeal an issue raised only by an amicus."). Alternatively, if the Court intends to consider one or both of the legal issues raised by ADA, Appellees respectfully request an increase in the word count for their Response Brief that is commensurate with the issue(s) to be addressed.

Dated: August 5, 2025

By: */s/ Michael Connett*
Michael Connett
Siri & Glimstad, LLP
700 S Flower Street
Suite 1000
Los Angeles, CA 90017
Direct: 888-747-4529
Email: mconnett@sirillp.com

3

# CERTIFICATE OF SERVICE

I hereby certify that on **August 5, 2025**, I electronically filed the foregoing

**Plaintiffs-Appellees' Opposition to the American Dental Association's Motion for Leave To File an Amicus Brief**

**Declaration In Support of Plaintiffs-Appellees' Opposition to the American Dental Association's Motion for Leave to File an Amicus Brief**

with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

Dated: August 5, 2025                                By: /s/ *Michael Connett*
                                                          Michael Connett

4