No. 25-384

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

Food and Water Watch et al.,

*Plaintiffs-Appellees,*

v.

United States Environmental Protection Agency et al.,

*Defendants-Appellants.*

---

On Appeal from the United States District Court
for the Northern District of California
No. 3:17-cv-02162 (Hon. Edward M. Chen)
Hon. Edward M. Chen

**APPELLEES' UNOPPOSED MOTION TO FILE LATE OPPOSITION TO THE FEDERAL DEFENDANTS' MOTION FOR JUDICIAL NOTICE**

Michael Connett
Siri & Glimstad, LLP
700 S Flower Street
Suite 1000
Los Angeles, CA 90017
Direct: 888-747-4529
Email: mconnett@sirillp.com

Chris Nidel
Nidel & Nace, PLLC
1 Church Street
Suite 802
Rockville, MD 20850
Direct: 202-780-5153
Email: chris@nidellaw.com

Pursuant to Fed. R. App. P. 2(a) and Fed. R. App. P. 26(b), Plaintiffs-Appellees ("**Appellees**") move this Court to extend their time to respond to the Federal Appellants' Motion for Judicial Notice. Dkt. No. 23.1. Good cause exists to extend the time for Appellees' response, particularly since there will be no prejudice to Federal Appellants ("**Appellants**") from doing so. Consistent with this, Appellants do not oppose this motion.

The Court has the authority to grant extensions to the filing deadlines. *See* Fed. R. App. P. 2(a) & 26(b). Federal Rule of Appellate Procedure 26(b) provides that "[f]or good cause, the court may extend the time prescribed by these rules." Good cause "is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *United States v. Navarro*, 800 F.3d 1104, 1109 (9th Cir. 2015); *see also Hutchinson v. Pfeil*, 211 F.3d 515, 517 n. 1 (10th Cir. 2000) ("It is . . . always within this court's discretion to permit the late filing of a brief for good cause. *The exercise of that discretion is especially appropriate here, as there is no suggestion of prejudice*." (emphasis added)).

The facts relevant to the instant motion are as follows:

On July 16, 2025, two days prior to filing their appeal, Appellants asked if Appellees would consent to the Court taking judicial notice of three webpages from a local public entity in Johnson County, Kansas. Declaration of Michael Connett in Support of Appellees' Unopposed Motion to File Late Opposition to the

1

Federal Appellants' Motion for Judicial Notice ("Connett Decl.") ¶¶ 3, 5. This was the first time Appellants had raised the issue of judicial notice with Appellees in the five months since filing notice of their intention to appeal on January 17, 2025. *Id.* ¶ 3.

On July 17, 2025, Appellees informed Appellants that they opposed the request for judicial notice. *Id.* ¶ 4.

On July 18, 2025, the Appellants filed both their Opening Appeal Brief ("**Appeal**") and Motion for Judicial Notice ("**Motion**"). *Id.* ¶ 5.

Under Federal Rule of Appellate Procedure 27, Appellees' deadline for opposing the Motion was July 28, 2025.

The undersigned counsel, Michael Connett, is the lead attorney for Appellees, and has been for the entirety of this 8+ year litigation. *Id.* ¶ 2. As with all other substantive briefing in this case, the undersigned is the attorney who will be drafting Appellees' response to the Appeal as well as to the Motion. *Id.*

When Appellants filed their Appeal and Motion on July 18, the undersigned was immersed in drafting oppositions to two Rule 12(b)(6) motions: one of which was filed on July 25, and the other was filed on July 29. *Id.* ¶ 6.

The undersigned's practice has been almost exclusively at the trial court level, both in state and federal courts. *Id.* ¶ 7. In his practice, the deadline for opposing requests for judicial notice has always been synonymous with the

2

deadline for the motion that the notice accompanies, including Rule 12(b)(6) motions in federal court and motions for summary judgment in California state court. *Id.* Based on this prior trial court practice, the undersigned (incorrectly) assumed that the deadline for opposing Appellants' Motion would be the same as the deadline for responding to the Appeal. *Id.* ¶ 8. This error was compounded by an internal miscommunication which resulted in the undersigned's paralegal not calendaring the opposition deadline to the Motion. *Id.*

On August 8, 2025, while researching issues related to this case, Mr. Connett discovered his error with respect to the opposition deadline for the Motion. *Id.* ¶ 9. Immediately upon discovering this error, the undersigned called Robert Stockman, counsel for Appellants. *Id.* The undersigned explained the aforementioned circumstances and stated that Appellees would be filing a motion to extend time on August 12, and that this motion would attach the substantive opposition to the Motion. *Id.*

During the August 8 call, the undersigned asked Mr. Stockman whether Appellants would oppose the motion to extend time. *Id.* ¶ 10. On August 11, 2025, Mr. Stockman emailed Appellants' response, which was stated as follows: **"The federal defendants do not oppose this motion to file out of time."** *Id.*

Good cause exists to grant Appellees' unopposed motion to extend time. First, the undersigned's calendaring error was not intentional and was not made in

3

bad faith. Second, and most importantly, the error does not prejudice the Appellants. *See Hutchinson*, 211 F.3d at 517 n.1 (stating that judicial discretion to permit late filings is "especially appropriate" where "there is no suggestion of prejudice").

The absence of prejudice to Appellants is evident from the following facts:

(1)  Appellants knew, prior to filing its appeal, that Appellees opposed their request for judicial notice.

(2)  The appeal is still in its infancy, and the case has not yet been assigned to a panel. Since requests for judicial notice in the Ninth Circuit are decided by the panel, Appellees' late response will not result in any delay to the proceedings. *See* Cir. Advisory Comm. Note 7 to 9th Cir. R. 27(1) ("Requests for judicial notice and responses thereto filed during the pendency of the case are retained for review by the panel that will consider the merits of a case.").

(3)  Appellees have not yet filed their principal response brief. Appellees recently obtained a 30-day extension to their principal brief, and, with this extension, Appellees' opposition to the Motion will be filed further in advance of Appellants' principal reply brief (i.e., 57 days in advance) than under the default schedule (i.e., 41 days in advance).

(4)  Appellants do not oppose this motion.

4

For the foregoing reasons, good cause exists to grant Appellants' Unopposed Motion to File Late Opposition to the Federal Appellants' Motion for Judicial Notice. Appellees' Opposition to said Motion is attached as **Exhibit 1** herein.

Dated: August 12, 2025

By: */s/ Michael Connett*
Michael Connett
Siri & Glimstad, LLP
700 S Flower Street
Suite 1000
Los Angeles, CA 90017
Direct: 888-747-4529
Email: mconnett@sirillp.com

5

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

This motion contains 965 words and contains 5 pages, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f), and accordingly complies with the length limit in Federal Rule of Appellate Procedure 27(d)(2)(A) and Cir. Ct. R. 27-1(1)(d).

This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6), per Federal Rule of Appellate Procedure 27(d)(1)(E).

This motion has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

Dated: August 12, 2025　　　　　　　　　　　　　　*/s/ Michael Connett*
　　　　　　　　　　　　　　　　　　　　　　　　　Michael Connett

6

## CERTIFICATE OF SERVICE

I hereby certify that on **August 12, 2025**, I electronically filed the foregoing

**Appellees' Unopposed Motion to File Late Opposition to Federal Defendant's Motion for Judicial Notice**

**Declaration in Support of Appellees' Unopposed Motion to File Late Opposition to Federal Defendants' Motion for Judicial Notice**

with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

Dated: August 12, 2025                    By: */s/ Michael Connett*
                                              Michael Connett