Oral Argument Not Yet Scheduled

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| FOOD AND WATER WATCH, ET AL., <br><br> *Plaintiffs-Appellees*, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, ET AL., <br><br> *Defendants-Appellants*. | No. 25-384 |

**UNOPPOSED MOTION OF CENTER FOR ENVIRONMENTAL HEALTH FOR EXTENSION OF TIME TO FILE AN AMICUS CURIAE BRIEF**

Under Federal Rule of Appellate Procedure 26(b) and Ninth Circuit Local Rule 31-2.2(b), Center for Environmental Health ("CEH") respectfully moves to extend the time to file an *amicus curiae* brief by two weeks. CEH's proposed amicus would be in support of the Brief in Opposition of plaintiffs-appellees Food and Drug Watch et al. Since that Brief is now due on November 14, CEH's motion to file an *amicus* brief and accompanying Brief would now be due on November 21. With a two-week extension, the new filing deadline would be December 5. This is CEH's first request for an extension of its *amicus* brief deadline.

Plaintiffs-appellees Food and Water Watch et al consent to CEH's

motion. Defendant-appellant Environmental Protection Agency et al ("EPA") has stated that it "does not oppose" extension motion and "consents to an amicus filing that is timely and conforms to the applicable rules."

CEH has good cause for the requested extension, as set forth below:

1. This case involves the citizens' petition provisions in section 21 of the Toxic Substances Control Act ("TSCA"), the principal federal law regulating the safety of chemicals. 15 U.S.C. §2620. Plaintiffs-appellees petitioned EPA to initiate a rulemaking proceeding regulating the addition of fluoride to drinking water because it poses an unreasonable risk to human health. Following denial of the petition, Food and Water Watch et al filed suit in the district court under TSCA Section 21(b)(4) to compel EPA to grant the relief sought in the petition. After discovery and two trials to consider the evidence of fluoride's risks to health, the District Judge determined that the preponderance of the evidence showed that fluoride in drinking water presents an unreasonable risk and plaintiffs were entitled to relief. EPA appealed that decision to this Court.

2. Founded in 1996, CEH is a non-profit organization headquartered in Oakland, California. Its mission is to protect people from toxic chemicals by working with communities, consumers, workers, government, and the private sector to seek and support products and business practices that are safe for

public health and the environment. In particular, CEH works to protect children from toxic chemicals, as their behaviors and physical needs make them more vulnerable to toxic chemicals than adults.

3. One of CEH's strategies to advance environmental health is litigation. CEH pursues legal change by bringing cases under federal and state laws such as TSCA, the Clean Air Act and California's Proposition 65 to prevent dangerous chemicals from endangering the public and harming the environment. For example, CEH spearheaded a TSCA section 21 petition to compel EPA to require industry to conduct safety testing of numerous per- and polyfluoroalkyl substances ("PFAS") released into drinking water by a major North Carolina chemical producer. EPA's petition response was the subject of litigation in the Eastern District of North Carolina and then the Fourth Circuit. *Center for Envt'l Health v Regan*, 103 F.4th 1027 (2024). More recently, CEH joined with other groups to file a section 21 petition seeking to prevent PFAS formation during the fluorination of plastic containers. https://www.epa.gov/system/files/documents/2024-04/section-21-pfas-fluorination-petition-final-exhibits.pdf. CEH thus has a strong interest in how TSCA section 21 is implemented, interpreted and enforced – issues that are central to this appeal.

4. CEH's counsel is a sole practitioner who is representing non-profit organizations in several environmental regulatory cases pending in district

courts and various circuit courts of appeals. Upcoming deadlines in these cases will make it difficult for counsel to devote sufficient attention to the complex legal issues raised by this appeal and the voluminous record in the court below by the current *amicus* brief deadline of November 21. In fact, on that very day, counsel must present oral argument in the DC Circuit (in Case No.24-5294) and will be fully engrossed in argument preparation during the several preceding days. A two-week extension would enable counsel to turn to this case after the argument and draft an *amicus* brief that reflects a careful review of the briefs of appellants and appellees, the relevant case-law and statutory provisions, and the trial court record.

    5.  The Court previously granted the American Chemistry Association (ACC) a similar two-week extension of its deadline to file an *amicus* brief in support of defendant-appellant EPA. Dkt. No. 38. It should take the same action on this motion.

    6.  CEH does not seek this extension for purposes of harassment or delay and would be amenable to a brief extension of the deadline for EPA's Reply should it need more time to review CEH's *amicus* brief.

Accordingly, the Court should grant CEH'S motion for a two-week extension of the deadline for seeking leave to file an *amicus* brief and filing its proposed brief.

Respectfully submitted,

*/s/ Robert M. Sussman*
Robert M. Sussman
SUSSMAN & ASSOCIATES
3101 Garfield Street, NW
Washington DC 20008
(202) 716-0118
bobsussman1@comcast.net

*Counsel for Movant Center for Environmental Health*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the accompanying documents authorized by Federal Rule of Appellate Procedure 27(a)(2)(B) and the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), it contains 772 words, as determined by the word-count function of Microsoft Office 365.

This document further complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally-spaced typeface using Microsoft Office 365 in 14-point Times New Roman Font.

                    */s/ Robert M. Sussman*
                    Robert M. Sussman

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 15. Certificate of Service for Electronic Filing

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form15instructions.pdf

**9th Cir. Case Number(s)**
25-384_____

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**
[ ] I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**
[ ] I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

**Description of Document(s)** *(required for all documents)*:

Motion by Center for Environmental Health for Extension of Time to File Amicus Brief

**Signature** _/s/ Robert M. Sussman__ **Date** _ November 3, 2025_____
*(use "s/[typed name]" to sign electronically-filed documents)*

7