No. 25-0384

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

FOOD & WATER WATCH; FLUORIDE ACTION NETWORK; MOMS
AGAINST FLUORIDATION; AUDREY ADAMS, individually and on behalf of
KYLE ADAMS; KRISTIN LAVELLE, individually and on behalf of NEAL
LAVELLE; BRENDA STAUDENMAIER, individually and on behalf of KO
STAUDENMAIER and HAYDEN STAUDENMAIER;

*Plaintiffs-Appellees*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, an agency
of the United States; and LEE ZELDIN, in his official capacity as Administrator of
the U.S. Environmental Protection Agency;

*Defendants-Appellants*.

_____

ON APPEAL FROM A DECISION OF THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA IN NO. 3:17-CV-02162-EMC,
HONORABLE EDWARD M. CHEN, DISTRICT JUDGE

## APPELLEES' MOTION FOR CLARIFICATION ON THE SCOPE OF
## REMAND ON STANDING

KAY GUNDERSON REEVES
WATERS KRAUS PAUL & SIEGEL
3141 Hood Street
Suite 700
Dallas, TX 75219
(800) 226-9880
kreeves@waterskraus.com

MICHAEL CONNETT
SIRI & GLIMSTAD LLP
700 South Flower Street,
Suite 1000
Los Angeles, California 90017
(888) 747-4529
mconnett@sirillp.com

*Attorneys for Plaintiffs-Appellees*

Pursuant to Fed. R. App. P. 27 and Ninth Circuit Rules 27-10, Plaintiffs-Appellees ("**Appellees**") respectfully request that the panel clarify its May 21, 2026 Memorandum decision in this case with respect to the scope of remand on the standing issue. (Dkt. 87).

1. In the Memorandum, the panel vacated the trial court's judgment and remanded with the instruction that the district court "rule based solely on the first trial record." (*Id*. at 7.).

2. In the Memorandum, the panel also concluded that "[t]he district court's decision to invite amendment on standing did not violate the party presentation principle." (*Id.* at 5.)

3. In the Memorandum, the panel remanded EPA's judicial notice request to the district court to decide in the first instance—a request pertinent only to standing facts that were established *after* the first trial. (*Id.* at 8.)

4. Specifically, the facts at issue in EPA's judicial notice motion (i.e., the background fluoride levels in Leawood, Kansas) (Dkt. 23) are solely relevant to the standing evidence that Appellees introduced *after* the first trial and after the approved amendment of their pleading to allege additional standing facts (i.e., Ms. Trader's pregnancy and childbirth in Leawood, Kansas). During the first trial, Ms. Trader was still living in San Francisco, and thus the background levels of fluoride

1

in Kansas—again, the subject of EPA's motion for judicial notice—are not probative of the standing issue raised in the first trial record.

5. The panel's conclusion that the district court did not err in permitting amendment on standing, coupled with its remand of EPA's request for judicial notice, suggest that on remand, the district court can consider the standing evidence that Appellees introduced after the first trial. This creates an apparent tension with the panel's instruction that the district court "rule based solely on the first trial record." (Dkt. 50 at 7.)

6. Through this motion, Appellees seek clarification from the panel on whether the district court can, on remand, consider not only EPA's judicial notice motion, but also the standing evidence that Appellees introduced after the first trial (i.e., Ms. Trader's pregnancy and plans to have additional children).

7. Clarification of this issue would serve the interests of judicial economy by avoiding a dispute below on the scope of the panel's remand, and thereby potentially a second appeal.

8. On May 26, 2026, the undersigned counsel sent an email to Robert Stockman, EPA's attorney of record, asking if EPA would join Appellees' request for clarification. On May 28, 2026, Mr. Stockman replied that EPA opposes the request, and asked Appellees to "inform the Court that we oppose and would appreciate an opportunity to respond if the Court is inclined to grant [the request]."

2

3

For the foregoing reasons, good cause exists to grant Appellees' Motion for

Clarification of Panel Decision On the Scope of Remand.

Dated: June 1, 2026

By: */s/ Michael Connett*
Michael Connett
Siri & Glimstad, LLP
700 S Flower Street
Suite 1000
Los Angeles, CA 90017
Direct: 888-747-4529
Email: mconnett@sirillp.com

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

This motion contains 472 words and contains 3 pages, and accordingly complies with the length limit in Federal Rule of Appellate Procedure 27(d)(2)(A) and Cir. Ct. R. 27-1(1)(d).

This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6), per Federal Rule of Appellate Procedure 27(d)(1)(E).

This motion has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

Dated: June 1, 2026 

*/s/ Michael Connett*
Michael Connett

4

## CERTIFICATE OF SERVICE

I hereby certify that on **January 30, 2026**, I electronically filed the foregoing **APPELLEES' MOTION FOR CLARIFICATION ON THE SCOPE OF REMAND ON STANDING** with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

By: */s/ Michael Connett*
Michael Connett