No. 25-384

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FOOD AND WATER WATCH, et al.
*Plaintiffs-Appellees*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,
*Defendants-Appellants*.

Appeal from the United States District Court for the Northern District of California
No. 3:17-cv-02162 (Hon. Edward M. Chen)

**FEDERAL APPELLANTS' RESPONSE IN OPPOSITION TO
APPELLEES' SELF-STYLED MOTION FOR CLARIFICATION ON THE
SCOPE OF THE REMAND ON STANDING**

Federal Appellants Environmental Protection Agency, et al. (EPA), oppose

Plaintiffs' filing styled as a "motion for clarification on the scope of the remand on

standing," which as explained below is actually a petition for panel rehearing under

Federal Rule of Appellate Procedure 40 (Rule 40).  Plaintiffs filed their "motion"

on June 1, 2026, and this Court ordered EPA to respond by June 15, 2026.  *See*

Order, 9th Cir. 25-384, Dkt. No. 89.1 (June 3, 2026); Fed. R. App. P. 26(a)(1).

EPA opposes Plaintiffs' "motion" because (i) it is procedurally improper and

Plaintiffs have not met the burden for rehearing under Rule 40; (ii) Plaintiffs

1

merely hint at arguments about remedy that they failed to brief earlier and decline to develop even now; and (iii) there is no "tension" (Mot. 2) or lack of clarity in the Court's memorandum opinion requiring clarification. As with Plaintiffs' earlier, denied motion for a sur-reply brief, Plaintiffs' request reflects a misunderstanding of Federal Rules of Appellate Procedure and the structure of the appellate process.

## ARGUMENT

**I.**  **While styled as a motion for clarification, Plaintiffs filed a petition for panel rehearing, and they do not meet the standard for rehearing.**

Plaintiffs mischaracterize their motion as one for clarification on the scope of the remand, but neither the Federal Rules of Appellate Procedure nor Local Rules authorize such motions. Beyond Ninth Circuit Rule 27-10 (discussed more below), Plaintiffs cite no authority for this motion. EPA has found no authority supporting "clarification" in a context like this one, where Plaintiffs evidently ask the Court to modify the *substance* of its order.

The panel "vacate[d] and remand[ed] to the district court to rule based *solely* on the first trial record." Op. 7 (emphasis added). That provides a clear direction, and Plaintiffs do not like it. Plaintiffs are not seeking clarification. They are implicitly asking this Court to *revise* the opinion to change the directions on remand so that the district court can consider "the standing evidence that Appellees

2

introduced after the first trial," Mot. 2, which is the opposite of "rul[ing] based solely on the first trial record," Op. 7. When a party requests a substantive amendment and revision to the content of an opinion, that is a request for panel rehearing. It must meet the standards for such a petition, and it should be presented candidly as a request for revision, accompanied by an argument.

The legal procedure for seeking this kind of relief is to file a petition for panel rehearing under Rule 40. *See, e.g.*, *WorldNet Telecommunications, Inc. v. Puerto Rico Tel. Co.*, 497 F.3d 13, 15 (1st Cir. 2007) (denying petition for panel rehearing requesting court to "supplement the panel decision to clarify the scope of remand" as "premature" to extent it raised some issues that might arise on remand and inadequate in other respects). Indeed, parties often file limited petitions for panel rehearing asking for these types of revisions, or they file a combined petition for panel rehearing or rehearing en banc, in which case they must make strategic choices about which issues to develop and emphasize.

Plaintiffs' citation to this Court's Local Rule 27-10 is telling because it does not provide for clarification, but "reconsideration." 9th Cir. L. R. 27-10. Generally, Local Rule 27-10 is oriented towards reconsideration of orders issued *before* the final disposition of an appeal after oral argument. And this Court has correctly recognized filings seeking reconsideration in these circumstances—that is, a disposition ending the appellate proceedings—are properly considered as

petitions for panel rehearing under Rule 40. *See* Order, *City of Culver City v. FAA*, 9th Cir. 24-2477, Dkt. No. 83 ("The panel has voted to deny the petition for panel rehearing. The petition for panel rehearing, styled as a motion for reconsideration, Dkt. 82, is accordingly DENIED.").

In any event, under either Local Rule 27-10(a)(3) or Rule 40(b)(1), a party seeking relief should state with particularity each point of law or fact that the party believes the Court has overlooked or misapprehended. Fed. R. App. P. 40(b)(1); 9th Cir. L. 27-10(a)(3). Plaintiffs have not even attempted to do so. Properly construed, this Court should deny their petition for panel rehearing on that basis alone.

Even worse, Plaintiffs have separately filed an extension motion revealing that they are considering yet another rehearing request, and that the Court's "resolution of this motion [for "clarification"] could impact Appellees' decision as to whether a [successive] petition is warranted and, if so, the contents of said petition." Extension Request at 1, 9th Cir. 25-384, Dkt. No. 90 (June 10, 2026).[1] The Federal Rules do not contemplate that multiple petitions may be filed consecutively. Indeed, allowing a party to file an initial petition artfully requesting

---

[1] This Court granted that extension motion the next day. Order, 9th Cir. 25-384, Dkt. No. 91 (June 11, 2026). Of course, a court granting an extension of the deadline for a potential filing does not express any views about the propriety of the potential filing or its merits.

revisions to an opinion, while leaving open the possibility of a later, broader petition, thwarts several of the limitations on petitions for rehearing embodied in the Rules. Concerning petitions for panel and en banc rehearing, "[u]nless a local rule provides otherwise, a party seeking both forms of rehearing must file the petitions as a *single* document." Fed. R. App. P. 40(a) (emphasis added). That single petition must meet the word limit. 9th Cir. L. R. 40-1(b). This Court should not allow Plaintiffs to evade these limits through artful styling of their filings. They have already filed their petition for panel rehearing (regardless of its styling), and they should not be permitted to file yet another. Moreover, this Court should apply the normal standards for obtaining rehearing to this motion, which they fail to satisfy for several reasons, as explained below.

## II. This Court should not permit Plaintiffs to present forfeited arguments while subverting the appellate process.

Plaintiffs' request fails to satisfy the normal standards for rehearing, but even as a preliminary matter, it fails because Plaintiffs did not develop their arguments whatsoever in support of their request. If Plaintiffs want the Court to revise its opinion (as seems readily apparent), they should have said so forthrightly in their filing and made the case for that revision. Neither EPA nor the Court should be required to engage in shadow boxing. They have thus forfeited those arguments. And that forfeiture is compounded by the fact that they forfeited (or waived by their strategic litigation choices) the opportunity to obtain a different

5

remedy by failing to raise the necessary arguments in their Answering Brief, when they had the opportunity to join the issue.

Plaintiffs are attempting to evade the reasonable, consistent structure for appeals created by the Federal Rules of Appellate Procedure and this Court's Local Rules: an opening brief, an answering brief, a reply brief, oral argument, a final decision, and potential rehearing under Rule 40. And they are doing so by gesturing at arguments they failed to present, and even now fail to develop.

EPA's Opening Brief laid out the best possible remedial options for addressing the district court's violation of the party presentation principle. Opening Br. 58. In their Answering Brief, Plaintiffs disputed that a violation had occurred, but they developed no argument for a more limited remedy if this Court found a violation. Answering Br. 50-57. Plaintiffs made a strategic choice faced by every appellee: they declined to address potential remedies to signal confidence in their position and avoid inviting a partially unfavorable decision. But as a consequence, they did not argue whether a different remedy than that proposed by appellants might be more appropriate. They cannot now attempt to present an argument for a different remedy. *See, e.g.*, *Jensen v. EXC, Inc.*, 82 F.4th 835, 847 (9th Cir. 2023) (finding arguments not presented in answering brief are forfeited).

\*　　\*　　\*

Before turning to the merits of Plaintiffs' request, these fundamental procedural problems suffice for the Court to deny Plaintiffs' motion and foreclose them from filing yet another rehearing request. If the Court grants the motion, it might encourage gamesmanship through similar motions for "clarification" in future cases.

## III. The opinion is clear and no revision is warranted.

Plaintiffs have not met the standard for rehearing or reconsideration because they have failed to identify with particularity any point of law or fact that the Court has overlooked or misapprehended. Fed. R. App. P. 40(b)(1); 9th Cir. L. 27-10(a)(3). They have thus failed to meet their burden, and their request should be denied.

In addition, Plaintiffs have identified no meaningful "tension" (Mot. 2) or lack of clarity in this Court's opinion; the opinion provides a clear and correct direction for the remand, consistent with the opinion's reasoning. No revision to the opinion is warranted. Upon determining that the district court had violated the party presentation principle, this Court "vacate[d] and remand[ed] to the district court to rule based solely on the first trial record." Op. 7. That is a clear instruction—it flows from the panel's holding; it cures the identified violation of

7

the party presentation principle; it comports with fairness and the parties' expectations; and it is consistent with the remedy EPA briefed, *see supra* at p.6.

Plaintiffs suggest (Mot. 1-2) there is an "apparent tension" between that remedy and this Court's statement that "[t]he district court's decision to invite amendment on standing did not violate the party presentation principle." Op. at 5 (citing *Cottonwood Env't L. Ctr. v. Edwards*, 86 F.4th 1255, 1265 (9th Cir. 2023)). But EPA sees no tension in that statement about inviting amendment and the Court's remedial instruction. Those two passages are consistent for several reasons.

First, the opinion's statement that "invit[ing] amendment on standing" did not violate party presentation does not endorse the district court's post-trial direction to collect and submit new evidence on standing in violation of the parties' stipulation. And the remand instruction expressly forecloses Plaintiffs' attempts to rely on that post-trial evidence. Op. 7 (directing "court to rule based *solely* on the first trial record") (emphasis added).

The Court's statement about "amendment on standing" should be interpreted in light of the cited case, *Cottonwood*. In *Cottonwood*, this Court held that a district court did not abuse its discretion when, after summary judgment briefing, it "sua sponte granted Cottonwood leave to amend the pleadings after the deadline to amend the pleadings had passed" to add the proper defendant. 86 F.4th at 1265.

8

Given that context, the opinion here ruled that the district court did not err in inviting amendment of the complaint to address standing. Plaintiffs' motion for clarification does not suggest any need for clarification about the amendment of the complaint.

The Court's opinion declined to address some specific aspects of the district court proceedings here that differed from *Cottonwood*; indeed, Plaintiffs never cited *Cottonwood* in their Answering Brief, probably because it did not address these other issues. Among other factors, Plaintiffs had earlier stipulated that they would "rely exclusively on" certain declarations "to establish the factual basis in support of the claims of standing," 4-ER-682, and at the end of trial Plaintiffs insisted they had "met [their] burden," 4-ER-771, but the district court nonetheless "directed" them to collect and submit new evidence on standing, *see* 5-ER-838. This Court's opinion reasonably did not opine on each of these specific sub-issues; an appellate court has no duty to discuss every specific detail of a case. The opinion's silence on these points does not endorse the district court's actions.

Next, even *if* Plaintiffs had not forfeited their arguments about remedy, and even *if* this Court's statement about amendment encompassed the district court's direction to provide new evidence on standing, the statement still does not contradict the remedial order. And the remedy in the opinion is correct and should not change.

9

In *Sineneng-Smith,* upon finding a violation of the party presentation principle, the Supreme Court "remand[ed] the case for reconsideration shorn of the overbreadth inquiry interjected by the appellate panel and bearing a fair resemblance *to the case shaped by the parties*." *United States v. Sineneng-Smith*, 590 U.S. 371, 380 (2020) (emphasis added). Given the facts here, this Court's "remand to the district court to rule based solely on the first trial record" best ensures the court will decide the case as shaped by the parties. That remains true even though this Court did not find that every single thing the district court did after the close of the first trial was an abuse of discretion.

In finding a violation of the party presentation principle, this Court held that "[t]he district court abused its discretion when it *refused to rule on the first trial record*, despite the parties' assertions that it should." Op. 5 (emphasis added). "The district court's 'takeover' of the evidentiary presentation, in combination with its repeated refusal to respect the decisions made by the parties in the case, violated the party presentation principle and constitute an abuse of discretion." Op. 7 (quoting *Sineneng-Smith*, 590 U.S. at 379). The best cure for this takeover of the evidentiary presentation that will ensure the district court resolves the case as shaped by the parties is the cure this Court already ordered: a "remand to the district court to rule based solely on the first trial record." Op. 7.

10

This cure is particularly appropriate here because the district court's "takeover" of the case on both the standing evidence and the scientific evidence about the merits all occurred at the same time, after the first trial, and was implemented in significant part by the order putting the case in abeyance to address both issues. 1-ER-23-27. And lawyers understand that they must submit the evidence they want considered before the close of trial. *See, e.g.*, *Locklin v. Switzer Bros.*, 299 F.2d 160, 169 (9th Cir. 1961) ("The time for testing of proof is the time of trial. Our judicial system does not contemplate that the rights of litigants shall be held in abeyance for months or years in order that hindsight may provide a more accurate appraisal of evidence."). Thus, no party will be unfairly prejudiced or surprised by the district court resolving the case on the first trial record.

Plaintiffs separately imply (Mot. 1-2) that there is a tension between the remedy and the panel's decision to "remand the issue of standing to the district court for consideration of EPA's judicial notice request in the first instance." Op. 8. The Court stated, "[b]ecause we remand this issue to the district court, EPA's motion for judicial notice (Dkt. 23) is denied as moot." Op. 8. But again, there is no inconsistency. Unlike other factual issues, judicially noticeable facts need not be introduced at trial; a "court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d). As for whether EPA will press the issue of

judicial notice below with a new motion, those decisions can and should be made in the district court.

*   *   *

In sum, Plaintiffs' motion is best construed as a petition for rehearing seeking to amend the Court's opinion. That request is procedurally improper and does not even attempt to carry Plaintiffs' burden for obtaining such relief, particularly as Plaintiffs forfeited the opportunity to obtain a different remedy by failing to brief that issue when EPA raised it in the Opening Brief. This Court should deny Plaintiffs' request on those grounds alone to discourage successive rehearing requests and the potential for gamesmanship. In any event, Plaintiffs' request fails to meet the requisite standards for either rehearing or clarification, and it should be denied for that reason as well.

## CONCLUSION

For these reasons, Plaintiffs' motion should be denied.

Respectfully submitted,

/s/ *Robert P. Stockman*

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*

ROBERT N. STANDER
*Deputy Assistant Attorney General*

June 15, 2026
DJ # 90-5-1-4-21106

ROBERT P. STOCKMAN
*Attorney*
ENRD, U.S. Department of Justice

13

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

This response contains 2,611 words, excluding the parts of the response exempted by Federal Rule of Appellate Procedure 32(f), and accordingly complies with the length limit in Federal Rule of Appellate Procedure 27(d)(2)(A). It also complies with the length limit for a response to a petition for rehearing under 9th Cir. L. R. 40-1(b).

This response complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6), per Federal Rule of Appellate Procedure 27(d)(1)(E).

This response has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

/s/Robert P. Stockman
ROBERT P. STOCKMAN