No. 25-0384

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

FOOD & WATER WATCH; FLUORIDE ACTION NETWORK; MOMS AGAINST FLUORIDATION; AUDREY ADAMS, individually and on behalf of KYLE ADAMS; KRISTIN LAVELLE, individually and on behalf of NEAL LAVELLE; BRENDA STAUDENMAIER, individually and on behalf of KO STAUDENMAIER and HAYDEN STAUDENMAIER;

*Plaintiffs-Appellees*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, an agency of the United States; and LEE ZELDIN, in his official capacity as Administrator of the U.S. Environmental Protection Agency;

*Defendants-Appellants*.

_____

ON APPEAL FROM A DECISION OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA IN NO. 3:17-CV-02162-EMC, HONORABLE EDWARD M. CHEN, DISTRICT JUDGE

## APPELLEES' REPLY IN SUPPORT OF MOTION FOR CLARIFICATION ON THE SCOPE OF REMAND ON STANDING

KAY GUNDERSON REEVES
WATERS KRAUS PAUL & SIEGEL
3141 Hood Street
Suite 700
Dallas, TX 75219
(800) 226-9880
kreeves@waterskraus.com

MICHAEL CONNETT
SIRI & GLIMSTAD LLP
700 South Flower Street,
Suite 1000
Los Angeles, California 90017
(888) 747-4529
mconnett@sirillp.com

*Attorneys for Plaintiffs-Appellees*

Plaintiffs-Appellees ("**Plaintiffs**") hereby reply in support of their Motion for Clarification on the Scope of Remand on Standing.

First, EPA incorrectly asserts that Ninth Circuit Rule 27-10 "does not provide for clarification." (EPA Opp. at 3.) In fact, the rule specifically authorizes "a motion for clarification" for orders that do "not dispose of the entire case on the merits." 9th Cir. L.R. 27-10(a)(2). Here, the Court's Memorandum did not "dispose of the entire case on the merits," but instead remanded the case back to the district court with an instruction to decide the case on a more limited scope of evidence. Since the Memorandum does not dispose of the entire case on the merits, Local Rule 27-10 authorizes a motion for clarification, which is what Plaintiffs have filed.

Second, to the extent it requires a response, Plaintiffs' motion is not a petition for rehearing. EPA itself understands this. Otherwise, it surely would have objected to Plaintiffs' subsequently filed motion for an extension of time to file a petition for rehearing. *See* Dkt. No. 90. Instead, EPA took "no position" (*id.* at 2[1]), and the Court thereupon granted the motion (Dkt. No. 91.1).

Third, Plaintiffs' motion does not advance any "forfeited arguments." *See* EPA Opp. at 5. Nowhere in Plaintiffs' motion do Plaintiffs argue what the scope of

---

[1] It was on June 9, 2026 that EPA conveyed its position that it took "no position" on Plaintiffs' motion for an extension – *eight days after Plaintiffs filed their motion for clarification*. *See* Dkt. No. 90 at 3 ¶¶ 4-5.

remand *should* be. Instead, Plaintiffs ask the Court to clarify what the scope of remand *is*. Naturally, such a request cannot be forfeited by an Answering Brief that is written prior to receiving the order for which clarification is sought.

Fourth, EPA's contention that the Memorandum is clear rests on a series of predicates that go beyond what is written in the opinion. *See* EPA Opp. at 7-12. EPA argues that the Memorandum is clear by advancing a substantive interpretation of *Cottonwood* that is nowhere to be found in the Memorandum (or in any of the papers to date). *Id.* at 8-9. Next, EPA argues that the Memorandum is clear because prohibiting consideration of post-trial developments on standing would be, in EPA's view, "the best cure." *Id.* at 10. Lastly, EPA argues that "no party will be unfairly prejudiced or surprised" by the scope of remand it prefers. *Id.* at 11. In each instance, EPA's argument addresses what the scope of remand *should* be, as opposed to *what the Court intended it to be*. Plaintiffs' motion is strictly limited to the latter question.

Fifth, EPA argues the Court's remand of the judicial notice issue does not create any tension because "[u]nlike other factual issues, judicially noticeable facts need not be introduced at trial." *Id.* at 11. But this sidesteps the source of confusion that Plaintiffs identified. The source of confusion is not that the district court has the legal authority to notice facts after the completion of trial. The source of confusion is that EPA's asserted facts about the background fluoride level in

Leawood, Kansas would only be relevant if the district court can consider Plaintiffs' post-trial standing developments (i.e., Ms. Trader's pregnancy, childbirth, and future parenting plans in Leawood).

Finally, if EPA is correct as to what the Court intended for the scope of remand the Court will no doubt make that clear. Whatever the Court intended, the interests of judicial economy will be served by clarification now rather than in a later appeal. Plaintiffs thus respectfully request that the Court grant the motion and clarify the scope of remand for the evidence on standing.

Dated: June 22, 2026

By: */s/ Michael Connett*
Michael Connett
Siri & Glimstad, LLP
700 S Flower Street
Suite 1000
Los Angeles, CA 90017
Direct: 888-747-4529
Email: mconnett@sirillp.com

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

This motion contains 613 words and contains 3 pages, and accordingly complies with the length limit in Federal Rule of Appellate Procedure 27(d)(2)(A) and Cir. Ct. R. 27-1(1)(d).

This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6), per Federal Rule of Appellate Procedure 27(d)(1)(E).

This motion has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

Dated: June 22, 2026

/s/ Michael Connett
Michael Connett

4

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2026, I electronically filed the foregoing **APPELLEES' REPLY IN SUPPORT OF MOTION FOR CLARIFICATION ON THE SCOPE OF REMAND ON STANDING** with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

By: */s/ Michael Connett*
Michael Connett

5