**No. 25-0384**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

FOOD & WATER WATCH; FLUORIDE ACTION NETWORK; MOMS AGAINST FLUORIDATION; AUDREY ADAMS, individually and on behalf of KYLE ADAMS; KRISTIN LAVELLE, individually and on behalf of NEAL LAVELLE; BRENDA STAUDENMAIER, individually and on behalf of KO STAUDENMAIER and HAYDEN STAUDENMAIER;

*Plaintiffs-Appellees*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, an agency of the United States; and LEE ZELDIN, in his official capacity as Administrator of the U.S. Environmental Protection Agency;

*Defendants-Appellants*.

_____

ON APPEAL FROM A DECISION OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA IN NO. 3:17-CV-02162-EMC, HONORABLE EDWARD M. CHEN, DISTRICT JUDGE

## APPELLEES' MOTION FOR AN ADDITIONAL 90-DAY EXTENSION OF TIME TO FILE A PETITION FOR PANEL REHEARING AND/OR REHEARING EN BANC

KAY GUNDERSON REEVES
WATERS KRAUS PAUL & SIEGEL
3141 Hood Street
Suite 700
Dallas, TX 75219
(800) 226-9880
kreeves@waterskraus.com

MICHAEL CONNETT
SIRI & GLIMSTAD LLP
700 South Flower Street,
Suite 1000
Los Angeles, California 90017
(888) 747-4529
mconnett@sirillp.com

*Attorneys for Plaintiffs-Appellees*

Pursuant to Fed. R. App. P. 26(b) and Fed. R. App. P. 40(d)(1), and Circuit Rule 31-2-2, Plaintiffs-Appellees ("**Appellees**") respectfully file this motion for an additional 90-day extension of time to determine whether panel or en banc rehearing is warranted, and if a determination is made to seek rehearing, to ensure that any issues warranting further consideration are adequately presented for this Court's review.

On May 21, 2026, this Court issued its memorandum decision in this matter. (Dkt. No. 87.) In the Memorandum, the panel vacated the trial court's judgment and remanded with the instruction that the district court "rule based solely on the first trial record." (*Id*. at 7.). In the Memorandum, the panel also remanded EPA's judicial notice request to the district court to decide in the first instance—a request pertinent only to standing facts that were established after the first trial. (*Id*. at 7; Dkt. No. 88 at 1-2.)

On June 1, 2026, Appellees filed a motion to clarify the scope of remand on standing. (Dkt. No. 88.)

On June 10, 2026, Appellees filed a motion to extend the time to file a petition for a panel rehearing and/or hearing en banc by 45 days. (Dkt. No. 90.) In support of this motion, Appellees explained that the Court's resolution of the motion to clarify "could impact Appellees' decision as to whether a petition is warranted and, if so, the contents of said petition." (*Id.* at 1.)

1

On June 11, 2026, the Court granted Appellee's motion to extend. (Dkt. No. 91.) Pursuant to the Court's order, the current deadline for Appellees to file a petition for rehearing/en banc review is August 20, 2026.

On June 15, 2026, the EPA filed an opposition to Appellees' motion to clarify and, on June 22, 2026, Appellees filed a reply in support of thereof. (Dkt. No. 93 & 94.) At the time of this filing, the motion to clarify remains pending.

The Court's resolution of the motion to clarify continues to be a consequential consideration for Appellees as to whether they will file a petition for rehearing/en banc review, and, if so, the content of said petition. To the extent, therefore, that Appellees ultimately decide to file a petition, Appellees respectfully request an additional 90 days to file it.

An extension by 90 days is more appropriate than an extension by 45 days for two reasons. First, it is inherently unclear as to when the Court will issue its decision on the motion to clarify and, as such, an extension by 90 days will minimize the potential need for additional piecemeal relief should the decision not be issued in time for a deadline with a shorter extension. Second, lead counsel for Appellees—who will be taking the lead role in drafting the petition—will be taking 7 lengthy, complex depositions, as well as up to 13 shorter depositions, between August 20 and October 2 in *Gurrola v. Procter & Gamble* (N.D. Ill. Case No.

1:25-CV-00358). (Connett Decl. ¶ 2.) Lead counsel currently has no depositions, or motions, scheduled for after October 2. (*Id.* ¶ 3.)

For the foregoing reasons, good cause exists to grant Appellees' request for an additional 90-day extension of time to file a petition for panel rehearing and/or rehearing en banc.

EPA's counsel has informed Appellees that EPA opposes this motion and plans to file an opposition. (Connett Decl. ¶ 5.)

Dated: August 4, 2026

Respectfully submitted,

By: */s/ Michael Connett*
Michael Connett
Siri & Glimstad, LLP
700 S Flower Street
Suite 1000
Los Angeles, CA 90017
888-747-4529
mconnett@sirillp.com

## DECLARATION OF MICHAEL CONNETT

I, Michael Connett, declare and state as follows:

1.      I am a partner at the law firm Siri & Glimstad LLP and have been the lead attorney for Appellees for the entirety of this litigation.

2.      Throughout this litigation, I have taken the lead role in drafting motions and briefs. Consistent with this, I anticipate (absent a decision to retain counsel who specialize in appellate litigation) taking the lead role in drafting a petition should Appellees decide to do so.

3.      I currently have a very busy litigation schedule from August 28 to October 2 in *Gurrola v. Procter & Gamble* (N.D. Ill. Case No. 1:25-CV-00358). Specifically, I will be taking seven complex depositions, as well as up to 13 shorter depositions. I have no depositions, nor any briefs, scheduled in this or other cases during the month of October.

4.      On July 29, 2026, I emailed Robert Stockman and Brandon Adkins, EPA's attorneys of record, asking if EPA would consent to Appellees' request for a 90-day extension of time to the deadline for filing a petition.

5.      On July 31, 2026, Mr. Adkins emailed to inform me that "EPA opposes this motion and asks you to inform the Court that EPA plans to file an opposition."

4

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on August 4, 2026.

By: */s/ Michael Connett*
Michael Connett

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

This motion contains 793 words and contains 5 pages, and accordingly complies with the length limit in Federal Rule of Appellate Procedure 27(d)(2)(A) and Cir. Ct. R. 27-1(1)(d).

This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6), per Federal Rule of Appellate Procedure 27(d)(1)(E).

This motion has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

Dated: August 4, 2026

*/s/ Michael Connett*
Michael Connett

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2026, I electronically filed the foregoing **APPELLEES' MOTION FOR AN ADDITIONAL 90-DAY EXTENSION OF TIME TO FILE A PETITION FOR PANEL REHEARING AND/OR REHEARING EN BANC** with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

By: */s/ Michael Connett*
Michael Connett