No. 25-384

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FOOD AND WATER WATCH, et al.
*Plaintiffs-Appellees*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,
*Defendants-Appellants*.

Appeal from the United States District Court for the Northern District of California
No. 3:17-cv-02162 (Hon. Edward M. Chen)

**FEDERAL APPELLANTS' RESPONSE IN OPPOSITION TO
APPELLEES' MOTION FOR AN ADDITIONAL 90-DAY EXTENSION OF
TIME TO FILE A PETITION FOR PANEL REHEARING AND/OR
REHEARING EN BANC**

Federal Appellants Environmental Protection Agency, et al. (EPA), oppose

Plaintiffs' motion for an additional 90-day extension of the deadline to file a

rehearing petition.

This Court issued a memorandum disposition in this appeal on May 21,

2026. On June 1, 2026, Plaintiffs submitted a filing styled as a "motion for

clarification on the scope of the remand on standing." 9th Cir. 25-384, Dkt. No.

88.1 (June 1, 2026). This Court ordered EPA to respond by June 15, 2026, and

1

EPA began preparing a response that explained, among other things, that Plaintiffs' filing was a procedurally improper petition for panel rehearing under Federal Rule of Appellate Procedure 40. *See* EPA's Response in Opposition at pp.1-5, 9th Cir. 25-384, Dkt. No. 93.1 (June 15, 2026).

Before EPA completed and filed that response, Plaintiffs requested a 45-day extension of the deadline to seek rehearing. Extension Request, 9th Cir. 25-384, Dkt. No. 90.1 (June 10, 2026). EPA had no objection to extending the deadlines as a scheduling matter. But as EPA would explain in its opposition to Plaintiffs' original filing, the Federal Rules of Appellate Procedure do not authorize multiple, successive petitions for rehearing: "[A]llowing a party to file an initial petition artfully requesting revisions to an opinion, while leaving open the possibility of a later, broader petition, thwarts several of the limitations on petitions for rehearing embodied in the Rules." EPA's Response in Opposition at pp.4-5, 9th Cir. 25-384, Dkt. No. 93.1 (June 15, 2026). Because Plaintiffs' "clarification" motion was in substance a request for panel rehearing, Plaintiffs cannot file a second petition.

Nevertheless, as a professional courtesy and to avoid needless disputes over scheduling, EPA took "no position" on Plaintiffs' extension request—signaling no support for the request while ensuring that the substantive dispute would be presented in the underlying briefing. EPA then presented its arguments against Plaintiffs' attempts to circumvent the rules governing petitions for rehearing in

2

EPA's response to the original motion.  EPA explained that, in its view, a grant of "an extension of the deadline for a potential filing does not express any views about the propriety of the potential filing or its merits."  *Id.* at p.4 n.1.

When Plaintiffs filed their reply in support of their original self-styled motion for clarification, however, they attempted to rely on EPA's failure to object to their extension request to rebut EPA's substantive arguments.  Plaintiffs' Reply at p.1, 9th Cir. 25-384, Dkt. No. 94.1 (June 22, 2026).  Plaintiffs insisted that "EPA itself understands" that Plaintiffs' filing was "not a petition for rehearing."  *Id.* "Otherwise, [EPA] surely would have objected to Plaintiffs' subsequently filed motion for an extension of time to file a petition for rehearing," but "[i]nstead, EPA took 'no position.'"  *Id.*  At that point, EPA had no opportunity to respond to this characterization of its "no position" on the extension request.

Plaintiffs misconstrued our lack of opposition to their previous extension request as support for their position that they can file multiple rehearing petitions. EPA does not agree with that position, for the reasons EPA has already given. Thus, to avoid the risk that Plaintiffs will again misconstrue our position on their extension motion as acquiescing in the propriety of a second rehearing request, EPA must oppose Plaintiffs' motion for a 90-day extension.  In all other respects, EPA defers to the Court on this scheduling matter.

Respectfully submitted,

/s/ *Robert P. Stockman*

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*

ROBERT N. STANDER
*Deputy Assistant Attorney General*

August 4, 2026
DJ # 90-5-1-4-21106

ROBERT P. STOCKMAN
*Attorney*
ENRD, U.S. Department of Justice

4

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS**

This response contains <u>555 words</u>, excluding the parts of the response exempted by Federal Rule of Appellate Procedure 32(f), and accordingly complies with the length limit in Federal Rule of Appellate Procedure 27(d)(2)(A).

This response complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6), per Federal Rule of Appellate Procedure 27(d)(1)(E).

This response has been prepared in a proportionally spaced typeface using <u>Microsoft Word</u> in <u>14-point Times New Roman</u>.

<u>/s/Robert P. Stockman</u>
ROBERT P. STOCKMAN