UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

AUG 10 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOOD & WATER WATCH; et al.,

      Plaintiffs - Appellees,

  v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, an agency of the
United States and LEE ZELDIN, in his
official capacity as Acting Administrator of
the U.S. Environmental Protection Agency,

      Defendants - Appellants.

No. 25-384

D.C. No.
3:17-cv-02162-EMC
Northern District of California,
San Francisco

ORDER

Plaintiffs-Appellees Food & Water Watch, et al. ("Plaintiffs") filed a Motion for Clarification on the Scope of Remand on Standing Pursuant to Fed. R. App. P. 27 and Ninth Circuit Rules 27-10. (Dkt. 88.) Plaintiffs argue that the panel's memorandum opinion proves unclear in that it directed the district court to "rule based solely on the first trial record," but also noted that the district court had not violated the party presentation principle when it had invited amendment on standing. (*Id*. at 2-3.) Plaintiffs further argue that our remand of EPA's judicial notice request to the district court conflicts with the district court ruling on the first trial record. (*Id*. at 2.)

We directed EPA to file a response to the motion for clarification. (Dkt. 89.) EPA opposes the motion. (Dkt. 93.) EPA argues that Plaintiffs' motion for

clarification should be denied for the following reasons: (1) the motion proves procedurally improper, and Plaintiffs have not met their burden for rehearing under Federal Rules of Appellate Procedure Rule 40; (2) Plaintiffs fail to provide arguments regarding remedy; and (3) no lack of clarity exists in our memorandum opinion needing clarification. (Dkt. 93.)

Ninth Circuit Local Rule 27-10 provides that a party may file a motion for "further consideration" of an order that "concludes the proceedings in this Court" within the time allowed for a petition for rehearing under Federal Rule of Appellate Procedure 40(a)(1). "Motions for clarification, reconsideration or modification of an order deciding a motion are not favored by the Court" and are rarely granted. Circuit Advisory Committee Note to Rule 27-1.

Our memorandum opinion concluded the proceedings and remanded the case back to the district court. We agree with EPA that Plaintiffs' motion for clarification proves procedurally improper. Plaintiffs' request, styled as a motion for clarification on the scope of remand, asks that we revise the substance of our memorandum opinion and reconsider its conclusions. Plaintiffs request to revise our memorandum opinion remains better addressed in a petition for rehearing. We have granted Plaintiffs an extension of time to file a petition for rehearing or rehearing en banc. (Dkt. 91.) Plaintiffs may properly raise arguments relating to any alleged inconsistencies contained within the opinion in their petition for rehearing.

25-384

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs-Appellees Motion for Clarification on the Scope of Remand on Standing (Dkt. 88) is **DENIED** without prejudice.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT